Euffiit, J.
 

 When the case was opened, it was thought to be one of those, of which so many have been here, where independent acts of a clerk or sheriff were done, partly during one term of office and partly after a re-election, and that, in accordance with former decisions, the defendants were not liable but for money received, or for acts of omission or com-. mission, happening during the term for which the bond was given. But on consideration of the act of 1848, ch. 40, the Court has adopted the opinion of his Honor. The act authorises the proceedings at the instance of an administrator, which were had in this case, and provides, after a decree finding a bal-
 
 *64
 
 anee of money, or other estate in the hands of the administrator, due
 
 to
 
 an infant without a guardian-, that the Court may direct the same to he paid- and delivered’to the clerk or the clerk and master, to be by him invested or managed under the direction of the Court for the use of the infant, and then creates a liability on the official bond, for the duties enjoined by the court, in relation to the property. It is no part of our enquiry, whether other parties, on other bonds, may not also be liable, for the whole, or a part of this fund. It is sufficient if those defendants are liable ; and the Court is of opinion that they are bound to make good, all that Fagan rightfully got at any time under the decree. That required the whole fund to be paid or delivered to him, and it is not material when lie received it, since it gave him the right to receive it at any, and all times, to be managed by him under the directions of the Court. His duty and power did not arise merely out of his relation to the Court, as its clerk, since the discretion is vested in the Court to make the clerk and master the
 
 quasi
 
 guardian of the infants instead of the clerk. If Fagan had not been re-elected, he would still, by virtue of the decree appointing him originally, have been the proper person to receive and invest the estate until some other had been designated by a new direction of the Court. lie could not have accounted with his successor in office and delivered the fund to him without an order discharging him, and prescribing an investment by the successor. If, in the case that happened, of his re-election, he had, during his second term, accounted to the Court, and a new direction, founded thereon, had been given him, as being then the cleik, touching the investment, we should have held that a discharge of his bond., in the same manner as if lie bad been ordered to pay it to- his successor, and had paid it. But no part of this fund came to him but by force of the decree in the cause, and lie then undertook to manage it for the beneiit of she infants under the orders of the Court, and from that nothing can discharge him but accounting to .the Court, from which he derived his authority,
 
 *65
 
 and paying over the estate in conformity with the subsequent direction of the Court.
 

 Pee CuRiam, ' Judgment affirmed.